IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLER BRANCH, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0728-P |
| | ) | ECF |
| STATE OF TEXAS, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a *pro se* litigant.

Parties: Plaintiff presently resides in Bonham, Texas. Defendant is the State of Texas. The Court has not issued process in this case.

Findings and Conclusions: On May 4, and May 21, 2007, the Court issued a notice of deficiency and order to Plaintiff, notifying him that the $350.00 filing fee had not been paid, and that his pleading failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and were unsigned. (*See* Docket # 4 and #7). The order directed Plaintiff to cure the deficiencies within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. On June 1, 2007, Plaintiff submitted the $350.00 filing fee payment along with a pleading, which was docketed as an amended complaint. Since the amended complaint was again unsigned as required by Rule

11(a), and failed to comply with Rule 8(a), the Magistrate Judge wrote Plaintiff a letter reiterating the requirements of Rules 8(a) and 11(a). (Docket # 9). The Court then granted him an extension until July 2, 2007, to file an amended complaint correcting both deficiencies. (*Id.*). As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order. The amended complaint filed on July 3, 2007, again fails to comply with the requirements of Rules 8(a) and 11(a).

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Because Plaintiff has been given multiple opportunities to comply with the deficiency order, but he has refused or declined to do so, this action should be dismissed for lack of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 17th day of August, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.